# United States Court of Appeals for the Federal Circuit

2006-7302

ROGER H. NEWHOUSE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Peter N. Witty, Abbott Laboratories, of Abbott Park, Illinois, argued for claimant-appellant. On the brief were Israel Sasha Mayergoyz, W. Bryan Lytton, and Douglas A. Freedman, Latham & Watkins, LLP, of Chicago, Illinois.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief was Peter D. Keisler, Assistant Attorney General. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2006-7302

ROGER H. NEWHOUSE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 10, 2007

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Roger H. Newhouse appeals the final decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' (Board's) denial of an increased disability rating.  See Newhouse v. Nicholson, 21 Vet. App. 65, 2006 WL 829557 (Mar. 14, 2006) (unpublished).  We affirm.

## BACKGROUND

Mr. Newhouse is a veteran who was awarded service connection for bilateral high-frequency hearing loss in April 1982.  The Department of Veterans Affairs (VA) determined that Mr. Newhouse's hearing loss at that time was 0% disabling.  Mr. Newhouse disagreed with VA's decision and continued to pursue his claim until May 1988, when he withdrew his appeal.

In November 2000, Mr. Newhouse asked VA to reevaluate his hearing loss. VA denied his claim for an increased disability rating, and Mr. Newhouse appealed that decision to the Board.[1] As part of the appeal process, Mr. Newhouse presented evidence to VA including a July 2002 Appeals Status Questionnaire with a supplemental statement indicating that Mr. Newhouse was informed by an audiologist at a recent hearing examination that his hearing loss was 26% in his right ear and 49% in his left ear. After concluding that VA met its obligations to notify and assist Mr. Newhouse under the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, the Board affirmed VA's conclusion that Mr. Newhouse's hearing loss was not compensable.

The Veterans Court affirmed. Before the Veterans Court, Mr. Newhouse contended that the Board's decision should be reversed because (1) VA failed to provide adequate notice under the VCAA, and (2) the Board failed to address his July 2002 statement and the results of a July 1985 audiological examination. With respect to the issue of VCAA notice, the Veterans Court disagreed with the Board's conclusion that Mr. Newhouse had been provided with adequate notice. Newhouse, 2006 WL 829557, at *4. The failure to properly notify Mr. Newhouse was harmless error, however, according to the Veterans Court because it found that Mr. Newhouse had actual knowledge that he needed to submit medical evidence to establish that his hearing loss was disabling. Id. at *5. The Veterans Court also rejected Mr. Newhouse's argument regarding the Board's failure to address evidence in the record. Id. at *3.

---

[1] Mr. Newhouse was granted service connection and a disability rating of 10% for tinnitus. Newhouse, 2006 WL 829557, at *1. Mr. Newhouse does not appeal that decision.

On appeal to this court, Mr. Newhouse contends that the Veterans Court overstepped its jurisdictional bounds by concluding that VA's failure to comply with the VCAA was harmless. Mr. Newhouse also contends that remand is appropriate because the Board failed to address each item of evidence in the record when it rendered its decision. We address each of Mr. Newhouse's contentions in turn.

## DISCUSSION

### I.

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292 (2006). Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(2). We review interpretation of statutes and regulations by the Veterans Court de novo. Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006).

### II.

Relying on a footnote in Conway v. Principi, 353 F.3d 1369, 1375 n.4 (Fed. Cir. 2004), Mr. Newhouse contends that the Veterans Court was required to remand to the Board for a determination of prejudicial error. That footnote deems it "questionable," without deciding, whether the Veterans Court could reach the question of prejudicial

error in the first instance. Id. The reasons for the doubt expressed in Conway appear to be based on the Chenery doctrine—i.e., that the Veterans Court is prohibited from affirming the Board's decision on a ground other than that relied on by the Board. See Sec. & Exchange Comm'n v. Chenery Corp., 332 U.S. 194 (1947); Sec. & Exchange Comm'n v. Chenery Corp., 318 U.S. 80 (1943). After a careful review of the relevant authorities, we conclude that the Veterans Court was required to examine whether any errors by VA were prejudicial and that it must do so based on the administrative record.

> The Chenery doctrine
>
> is a simple but fundamental rule of administrative law . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action.

Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 169 (1962) (quoting Chenery, 332 U.S. at 196) (emphasis added). Thus, the Chenery doctrine is not implicated when the new ground for affirmance "is not one that calls for 'a determination or judgment which an administrative agency alone is authorized to make.'" Fleshman v. West, 138 F.3d 1429, 1433 (Fed. Cir. 1998).

A determination of whether a VA error is prejudicial or harmless is not "a determination or judgment which [VA] alone is authorized to make." Chenery, 332 U.S. at 196. The statute defining the Veterans Court's jurisdiction to review Board decisions, 38 U.S.C. § 7261(b)(2), states that the Veterans Court "shall review the record of the proceedings before the Secretary and the Board . . . and shall . . . (2) take due account of the rule of prejudicial error." In Conway, we held that this provision was mandatory. 353 F.3d at 1375 ("[W]e establish today that the Veteran's Court must 'take due account

of the rule or prejudicial error' in all cases addressing the notice requirements in section 5103(a) . . . ."). The statute does not limit the Veterans Court's inquiry to the facts as found by the Board, but rather requires the Veterans Court to "review the record of the proceedings before the Secretary and the Board" in determining whether a VA error is prejudicial. 38 U.S.C. § 7261(b)(2). Because Congress vested the Veterans Court with jurisdiction to "take due account of the rule of prejudicial error," the Veterans Court's performance of its statutory duty in this case was proper and did not violate the Chenery doctrine.

Mr. Newhouse also argues that VA's failure to provide proper VCAA notice was not harmless, but resulted in actual prejudice. The Veterans Court found that Mr. Newhouse had actual knowledge that he was required to submit medical evidence regarding his hearing loss to substantiate his claim. Accord Sanders v. Nicholson, 487 F.3d 881, 887 (Fed. Cir. 2007) ("[T]he Secretary is required to persuade the court that the purpose of the notice was not frustrated—e.g., by demonstrating . . . that any defect in the notice was cured by actual knowledge on the part of the claimant . . . ."). Our jurisdictional statute precludes appellate review of factual matters and the application of law to facts. See 38 U.S.C. § 7292(d)(2) (2006). This statute prevents us from reviewing Mr. Newhouse's contentions regarding actual prejudice.

III.

Mr. Newhouse also contends that a remand is required because the Board failed to address two items of evidence in the record in its written decision. Specifically, Mr. Newhouse contends that the Board was required to address (1) Mr. Newhouse's July

2002 supplemental statement and (2) Mr. Newhouse's July 1985 audiological examination. We disagree.

Section 7104(a) of Title 38 provides that "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C. § 7104(a) (2006). Subsection (d)(1) of that section requires the Board's decisions to include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). There is a presumption that VA considered all of the evidence of record. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) ("[A]bsent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO's determination . . . must be presumed to have been reviewed by [VA], and no further proof of such review is needed."). This presumption is applicable in the present case. The evidence was before the Board. The fact that it was not specifically mentioned in the Board's decision in this case is insufficient to overcome this presumption.

## CONCLUSION

Because the Veterans Court has the statutory duty to "take due account of the rule of prejudicial error" by considering "the record of the proceedings before the Secretary and the Board," we conclude that the Veterans Court did not err by

determining that the VA's failure to provide proper VCAA notice was harmless. Moreover, we conclude that Mr. Newhouse has not established that the Board failed to consider any evidence in the record.  Therefore, the Veterans Court's judgment is

<u>AFFIRMED</u>.

COSTS

Each party shall bear its own costs.