NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7137

MICHAEL HARRIS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

Claudia Burke, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7137

MICHAEL HARRIS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

———————————————————

DECIDED: May 15, 2009

———————————————————

Appeal from the United States Court of Appeals for Veterans Claims in 06-1362, Judge Mary J. Schoelen.

Before MAYER, FRIEDMAN, and RADER, <u>Circuit Judges</u>.

PER CURIAM.

The principal issue in this appeal, and the only one we decide, is whether the United States Court of Appeals for Veterans Claims ("Veterans Court"), upon ruling that the Department of Veterans Affairs ("Department") had violated its statutory obligation to inform a veteran–claimant that he may submit information relevant to his claim, properly concluded that the veteran had not shown that the error was prejudicial. The veteran contends that instead of placing the burden of proof on him to show that the error was prejudicial, the Veterans Court should have required the Department to show that the error was non-prejudicial.

The recent decision of the Supreme Court in <u>Shinseki v. Sanders</u>, 173 L. Ed. 2d 532, 556 U.S. ____ (April 21, 2009), is dispositive and requires rejection of that contention. To the extent the veteran contends that the Veterans Court erred in concluding that the notice error was non-prejudicial, he raises factual allegations over which we have no jurisdiction. Accordingly, we affirm the judgment of the Veterans Court.

I

Almost thirty years after the appellant Michael Harris completed his active military service in June 1967, he injured his ankle in 1996 while chasing a burglar. He was treated at a Department medical facility, which diagnosed his condition as a sprained ankle. He received additional treatment for his condition three times between November 1996 and August 1997.

In September 1997 Harris filed a claim with the Department's regional office for a service-connected right ankle disability. He alleged that the Department had not properly treated his injury. The regional office denied his claim in January 2002.

The Department has a statutory obligation to "notify the claimant . . . of any information and any medical or lay evidence . . . that is necessary to substantiate the claim." 38 U.S.C. § 5103. A Department regulation requires the Department to "request that the claimant provide any evidence in [his] possession that pertains to the claim." 38 C.F.R. § 3.159(b)(1) (2005).

In April 2003, the regional office told Harris that it needed additional evidence to adjudicate his claim, and specified the information he needed to submit. In response, also in April 2003, Harris told the Department that it had "in [its] possession all the

relevant medical records necessary to decide this case.  The only record you do not have is a 2002 visit to the podiatry clinic for this same injury."

In July 2003, the Department told Harris that it had not met its notice obligation to him.

Both the Board of Veterans Appeals ("Board") and the Veterans Court upheld the Department's denial of benefits.  In affirming the Board, the Veterans Court held that "the Board correctly found that the notice error committed by VA was nonprejudicial." The Veterans Court quoted this court's statement in Sanders v. Nicholson, 487 F.3d 881, 889 (Fed. Cir. 2007), rev'd sub nom. Shinseki v. Sanders, 173 L. Ed. 2d 532, 556 U.S. ____ (April 21, 2009), that all "notice errors should be presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication."  The Veterans Court concluded on this issue:

> It is clear from the content of the appellant's April 2003 statement that he had no further evidence to submit in support of his claim (R. at 145), nor does he assert in his brief that he has any additional evidence that he would have submitted.  Thus, although the notice provided by VA was inadequate, there is no indication in the record that the appellant lacked the opportunity to furnish pertinent evidence to substantiate his § 1151 claim.  Accordingly, the Court concludes that the fourth element notice error did not affect the essential fairness of the adjudication, and that the Secretary has adequately rebutted the presumption of prejudice.  See Sanders, supra.

## II

In Sanders, the Veterans Court had denied benefits to a veteran because the veteran had not shown that the Department's erroneous failure to give him adequate notice was prejudicial.  This court reversed, ruling that the Department was required to show that the notice error was not prejudicial.  The Supreme Court reversed and

remanded. It rejected this court's holding there that in determining whether a Departmental notice error was prejudicial, all "notice errors should be presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication." 487 F.3d at 889. The Supreme Court ruled that this court's "'harmless error' framework is too complex and rigid, [and that] its presumptions impose too unreasonable an evidentiary burden upon the VA." Shinseki v. Sanders, 173 L. Ed. 2d at 539, 556 U.S. at ____.

The Court held that a presumption of prejudice is unwarranted, and that the proper inquiry simply is whether or not there was a "harmless-error". Id. at 544, 556 US at ____. It ruled that "the statute, in stating that the Veterans Court must 'take due account of the rule of prejudicial error,' requires the Veterans Court to apply the same kind of 'harmless-error' rule that courts ordinarily apply in civil cases." Id. at 543, 556 U.S. at ____. The Court stated that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. at 545, 556 U.S. at ____. The Court rejected "the creation of a special rule for this context, placing upon the agency the burden of proving that a notice error did not cause harm," that the respondent there had urged. Id. at 545, 556 U.S. at ____ (emphasis in original). The Court thus implicitly ruled that the claimant has the burden of showing that a notice error was prejudicial.

That is precisely the issue Harris raises in the present case. He contends that the Veterans Court improperly required him to show that the Departmental notice error was prejudicial rather than requiring the Department to show that the error was not prejudicial. The Supreme Court's Sanders decision requires us to reject this challenge

and to affirm the Veterans Court decision. Indeed, Harris' argument seems the same as the respondent's attempt in <u>Sanders</u> to "plac[e] upon the agency the burden of proving that a notice error did <u>not</u> cause harm," which the Supreme Court there rejected. 173 L. Ed. 2d at 545, 556 U.S. at ____.

It is unclear whether Harris also challenges the Veterans Court determination that he had not shown that any notice error was prejudicial. To the extent he is making that argument, it raises only challenges "to a factual determination" or to "a law or regulation as applied to the facts of a particular case," which under 38 U.S.C. § 7292(d)(2) we have no jurisdiction to review. <u>See</u> <u>Newhouse v. Nicholson</u>, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (our jurisdictional statute "prevents us from reviewing [] contentions regarding actual prejudice").

CONCLUSION

The judgment of the Veterans Court is

<u>AFFIRMED</u>.