NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7090

ALBERT C. PHILLIPS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Albert C. Phillips, of Hattiesburg, Mississippi, pro se.

Christopher A. Bowen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Rachael T. Shenkman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7090

ALBERT C. PHILLIPS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1071, Judge Ronald M. Holdaway.

_____

DECIDED: October 9, 2009

_____

Before NEWMAN, PLAGER and MOORE, Circuit Judges.

PER CURIAM.

Albert C. Phillips appeals the decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) in Phillips v. Shinseki, No. 07-1071 (Vet. App. Mar. 24, 2009), affirming a Board of Veterans' Appeals (Board) decision denying Mr. Phillips entitlement to an earlier effective date for a total disability rating based on individual unemployability (TDIU). Because Mr. Phillips raises only fact-based challenges on appeal, we dismiss the appeal for lack of jurisdiction.

Mr. Phillips served on active duty from February 1968 to April 1978. In April 1978, he filed a Veterans Application for Compensation or Pension with the Veterans Affairs (VA) regional office (RO). Mr. Phillips claimed service connection for various

physical disorders, including a back condition. He also claimed individual unemployability based on service-connected disability. In January 1979, the RO issued a rating decision awarding service connection for Mr. Phillips's back condition and rating it 40% disabling. The RO's decision noted that there was no evidence Mr. Phillips's condition was severe enough to prevent him from pursuing gainful employment. Mr. Phillips did not appeal the decision.

In February 1980, the RO received a letter from Mr. Phillips seeking a new ruling on his claims. Mr. Phillips also provided the RO with a decision from the Social Security Administration (SSA) in which the SSA had found him to be disabled. The RO issued a rating decision in which it continued the 40% disability rating for Mr. Phillips's back condition and denied the TDIU request. Mr. Phillips did not appeal the decision.

In June 2000, Mr. Phillips submitted a claim to the RO for an increased rating for his back condition. He underwent a VA examination on July 11, 2000, and the RO increased the disability rating to 50% based on the examination report.

In December 2000, the RO received correspondence from Mr. Phillips's Congressman requesting reevaluation of Mr. Phillips's claim for 100% unemployability and enclosing a copy of the SSA decision. The RO initially denied TDIU but, after subsequent proceedings, granted TDIU effective September 10, 2002. Mr. Phillips appealed the RO's determination of the effective date to the Board.

The Board concluded that Mr. Phillips was entitled to an effective date for TDIU of July 11, 2000. The Board found that Mr. Phillips had requested TDIU in 1978 and 1980, that the RO had denied both requests, and that Mr. Phillips had not appealed the 1980 decision. Therefore, the 1980 decision became final. The RO received Mr.

Phillips's next TDIU request (the Congressman's letter) in December 2000. The Board found the July 11, 2000 VA examination report and SSA decision to be persuasive evidence that Mr. Phillips was unemployable due to service-connected disability as of the examination date. Because the examination was conducted within one year of the December 2000 TDIU request, the Board concluded that under 38 C.F.C. § 3.157(a) Mr. Phillips was entitled to an effective date for TDIU of July 11, 2000.

Mr. Phillips appealed, arguing that the Board's effective date determination was clearly erroneous because a claim for TDIU had been pending since April 1978. He further argued that the Board did not adequately state its basis for the determination because it failed to discuss evidence Mr. Phillips had submitted purportedly showing his entitlement to an earlier effective date. The Veterans Court affirmed the Board's decision, holding that the Board's effective date determination had a plausible basis in the record and that the Board had provided an adequate statement of its reasoning.

Mr. Phillips appeals the Veterans Court's decision. Section 7292 limits our jurisdiction to reviewing and deciding "any challenge to the validity of any statute or regulation or any interpretation thereof" and to "interpret[ing] constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We cannot review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal presents a constitutional issue. Id. § 7292(d)(2).

Although Mr. Phillips's brief indicates that the Veterans Court decision involved the validity or interpretation of a statute or regulation, Mr. Phillips failed to identify any such statutory issue and, indeed, failed to raise any statutory issue before the Veterans

Court. To the contrary, the issues decided by the Veterans Court—whether the Board's effective date determination was clearly erroneous and whether the Board provided an adequate statement of its basis for the determination—are purely factual issues that we lack jurisdiction to review. On appeal, Mr. Phillips argues only that the Veterans Court made its decision without looking at all the facts he brought before the Board. However, the Veterans Court is presumed to have considered all of the evidence of record; the court's failure to specifically discuss any piece of evidence is insufficient to overcome this presumption. See Newhouse v. Nicholson, 497 F.3d 1298, 1302 (Fed. Cir. 2007). We lack jurisdiction to reweigh the facts. 38 U.S.C. § 7292(d)(2).

Mr. Phillips does not challenge the validity or interpretation of any statute or regulation, and his challenges to the Veterans Court's findings of fact and application of law to those facts are not within our jurisdiction to review. Therefore, we must dismiss Mr. Phillips's appeal for lack of jurisdiction.

COSTS

No costs.