NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7016

MILTON H. WHITAKER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3251, Judge William A. Moorman.

ON MOTION

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

PER CURIAM.

O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Milton H. Whitaker's appeal from a decision of the United States Court of Appeals for Veterans Claims, which determined Whitaker had not submitted "new and material" evidence necessary to reopen his previously denied claim relating to post-traumatic stress disorder (PTSD).

Whitaker served on active duty in the United States Air Force from September 1971 to July 1974. His initial claim for Department of Veterans Affairs (DVA or Department) disability compensation benefits relating to PTSD was denied when Whitaker failed to appeal from a DVA regional office (RO) determination that there was no record of a clear diagnosis of PTSD or evidence verifying that an in-service stressor occurred that could establish a sufficient objective link to Whitaker's current PTSD

condition. In June 2003, Whitaker sought to reopen that previously denied claim, but his request was denied by the RO for failure to submit evidence that was both "new" such that it was not in existence or not submitted to the Department during the processing of the prior claim and "material" such that the additional evidence pertained to the reason the claim was initially denied. See 38 U.S.C. § 5108. The Board of Veterans' Appeals sustained the RO's determination, and Whitaker appealed from that decision to the Court of Appeals for Veterans Claims.

Whitaker's attorney proffered only one argument before that court, that the Department had failed to satisfy its notification requirements pursuant to 38 U.S.C. § 5103(a). Specifically, counsel argued that the Department letters relied on by the Board to satisfy § 5103(a) failed to inform Whitaker of the basis for the prior denial of his claim and failed to inform him that he needed to provide evidence of a current PTSD diagnosis in order to reopen his claim. The court agreed with Whitaker that the Board's determination was in error but ultimately concluded that the error was harmless because the record demonstrated that Whitaker had actual knowledge that he needed to submit a diagnosis of PTSD and had knowledge what information and evidence were necessary to substantiate his underlying service-connection claim.

On appeal, Whitaker appears to contend that the Court of Appeals for Veterans Claims incorrectly applied the law as it relates to the Department's § 5103(a) notice requirements. Whitaker argues that the error was not harmless and he also appears to argue that it was error to use only the diagnosis of one doctor to render a decision and that the Department should have provided him a medical opinion.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en

2010-7016

-2-

banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

We agree with the Secretary that this appeal must be dismissed. To the extent Whitaker may be arguing that the Court of Appeals for Veterans Claims did not apply the correct standard in determining the notification obligations, we note that the Court of Appeals for Veterans Claims ruled in Whitaker's favor and determined that the Department did not comply with the notification obligations, but then held that in the facts of this case the error was harmless. To the extent that Whitaker is arguing that the notice error was not harmless because he did not have actual knowledge that he needed to submit a diagnosis of PTSD to reopen his claim and receive benefits, the Court of Appeals for Veterans Claims found to the contrary and we are without jurisdiction to review such a factual determination. Newhouse v. Nicholson, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (court is without jurisdiction to review whether there was harmless error or actual prejudice). Finally, Whitaker's other arguments raised in his informal brief were not raised below and are not properly before this court on appeal.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motion is granted.

2010-7016

- 3 -

(2)     Each side shall bear its own costs.

FOR THE COURT

MAR 23 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Milton H. Whitaker
        Delisa M Sanchez, Esq.

s19

ISSUED AS A MANDATE:     MAR 23 2010

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 23 2010

JAN HORBALY
CLERK

2010-7016

- 4 -