NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JONATHAN WYLIE BURGHART,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7142

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 10-1180, Judge Ronald M. Holdaway.

---

Decided: December 12, 2011

---

JONATHAN WYLIE BURGHART, of Caldale, California, pro se.

STACEY K. GRIGSBY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were DAVID BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, and LOURIE and REYNA, *Circuit Judges*.

PER CURIAM.

Jonathan Wylie Burghart ("Burghart") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court"), which affirmed the decision of the Board of Veterans' Appeals (the "Board") to deny entitlement to service connection for psychiatric disability. We dismiss Burghart's appeal for lack of jurisdiction.

## BACKGROUND

Burghart served on active duty in the United States Navy from December 1980 to June 1982. In August 1997, he filed a claim for service connection for a nervous disorder with mental disorientation caused by trauma. In December 1997, the Department of Veterans Affairs ("VA") Regional Office ("RO") denied his claim. In December 2001, Burghart requested to reopen his claim for "post traumatic stress disorder previously claimed as nervous disorder," and in January 2002 he submitted a statement indicating that he wished to "claim service connection for head trauma [and] seizures, previously claimed as mental disorder." *Burghart v. Shinseki*, No. 10-1180, slip op. at 1 (Vet. App. Apr. 29, 2011) ("*Veterans Ct. Op.*"). In April 2002, the RO declined to reopen the

claim. Burghart appealed to the Board, which remanded the claim for additional development.

The VA scheduled a medical examination for Burghart in August 2008; however, the notice for the examination was sent to Burghart's pastor and Social Security Administration payee rather than to Burghart directly.[1] Burghart failed to appear for the examination. In October 2008, the VA issued a Supplemental Statement of the Case ("SSOC") informing Burghart that his claim remained denied on account of a lack of requisite medical evidence. The SSOC specifically noted that Burghart "failed to report for a VA examination scheduled at the VA Medical Center Sepulveda CA on August 1, 2008," and that "[e]vidence expected from this examination which might have been material to the outcome of this claim could not be considered." Resp't App. 41. In response to the SSOC, Burghart stated that he had no other evidence or information to submit.

Burghart again appealed to the Board. In an opinion dated March 10, 2009, the Board found that Burghart did not suffer a head injury during active duty service, that he did not manifest a psychiatric disability during service, and that the record lacked persuasive medical evidence linking any current psychiatric disorder, including post traumatic stress disorder, with his service.

Burghart appealed from the Board's decision to the Veterans Court, arguing for the first time that he failed to appear for the August 2008 medical examination because he was never notified of the examination. The government conceded before the Veterans Court that notice of

---

[1] The Veterans Court's opinion erroneously states that the examination was scheduled in July 2008. *See Veterans Ct. Op.*, at 2; Resp't App. 11.

the examination was sent to Burghart's pastor and Social Security Administration payee rather than to Burghart directly.  Nonetheless, the Veterans Court held that this error did not prejudice Burghart because he was informed in the SSOC of the examination and of the consequences of his failure to report for it, and yet, in response to the SSOC, he stated that he had no other evidence or information to submit.  The Veterans Court thus affirmed the decision of the Board.  Burghart subsequently appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is circumscribed by statute.  Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

In his informal appellate brief, Burghart notes that he missed his August 2008 medical examination appointment and asserts that he tried to reschedule this appointment.  As we explained above, however, the Veterans Court concluded that Burghart was not prejudiced by the VA's failure to send the examination notice to his home address. *See Veterans Ct. Op.*, at 3 (referring to the rule of prejudicial error under 38 U.S.C. § 7261(b)(2)).  We lack jurisdiction to review this factual determination. *See Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) ("[W]e would surpass our jurisdiction if we were to

apply the harmless error rule as codified in section 7261(b)(2) to the facts of this case"); *see also Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (observing that whether actual prejudice resulted from a failure to provide proper notice under the Veterans Claims Assistance Act is a factual determination over which we lack appellate jurisdiction).

To the extent that Burghart also asserts that the Board erred by finding no persuasive medical evidence connecting his psychiatric disability with his military service, that too is a factual determination that we lack jurisdiction to review. *See Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991) (holding that a denial of entitlement to service connection is a factual determination that we may not review).

We have considered all of Burghart's arguments. For the foregoing reasons, we must dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.