NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROL G. MEAD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7128

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3897, Judge William P. Greene, Jr.

---

**ON MOTION**

---

Before NEWMAN, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Carol G. Mead appeals from a ruling of the United States Court of Appeals for Veterans Claims ("Veterans Court") sustaining the decision of the Board of Veterans' Appeals ("Board") denying her service connection claim

for the cause of the death of her husband, veteran John R. Mead.  The Secretary of Veterans Affairs also moves for leave to respond to Mrs. Mead's supplemental brief.

Mr. Mead served in the U.S. Army from 1950 to 1969. Although he was knocked unconscious for 5-10 minutes during combat in Korea in 1953 from a shell burst, his separation examination showed no abnormalities or neurological conditions except for noted hearing loss in his right ear.  In 2003, Mr. Mead suffered a stroke and was admitted to the hospital, where he passed away a short time later.

In August 2003, the appellant, Mrs. Mead, filed a claim with the Denver, Colorado Regional Office of the Department of Veterans Affairs ("VA"), asserting that her husband's combat injury was the principal, or a contributory, cause of his death.

After an extensive claims development process, the Board sustained the Regional Office's denial of Mrs. Mead's claim.  The Board held that the preponderance of the evidence suggested Mr. Mead's death was unrelated to the injury he sustained in service.  In reaching that conclusion, the Board relied heavily on the opinions of VA medical examiners who concluded that Mr. Mead's stroke was more likely attributable to post-service risk factors, including advanced age and history of smoking.  In finding these medical opinions more probative than those in the record suggesting a possible nexus between a traumatic brain injury and stroke, the Board emphasized the lack of reported medical cases linking a stroke to a head injury multiple years after the event, such as in this case, and the lack of evidence suggesting any brain injury leading up to and at the time of Mr. Mead's death.

Mrs. Mead appealed to the Veterans Court, alleging the Board erred in relying on inadequate unfavorable medical opinions and rejecting favorable medical opinions,

but the Veterans Court rejected these arguments. The Veterans Court found no error in the Board assigning less weight to favorable opinions provided by a chiropractor and two physicians who were not neurologists. The Veterans Court further agreed with the Board's determination that several of the favorable opinions "were not based on the correct facts," because those opinions "did not discuss or otherwise account for how . . . additional identified risk factors [including age, history of smoking, and history of heart- or vascular-related disease] did not significantly influence [Mr. Mead's] death." As a result, the Veterans Court concluded that the Board did not clearly err in concluding that the unfavorable opinions were adequate and relying on them to make its decision.

Mrs. Mead now appeals.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Mrs. Mead does not present an issue within this court's jurisdiction. First, Mrs. Mead appears to take issue with the weight afforded the medical opinion of neurologist Dr. Michael Hehmann, which opined that Mr. Mead's 1953 injury was likely a major contributing factor leading to his death. The Board found that Dr. Hehmann's opinion was less probative than the opinion of other neurologists in the record because Dr. Hehmann

failed to take into account any post-service risk factors, including Mr. Mead's advanced age and history of smoking. To the extent that Mrs. Mead contends that the Board gave too little weight to Dr. Hehmann's opinion, that factual determination is outside of this court's jurisdictional review. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the factfinder. We lack jurisdiction to review such determinations.").

For similar reasons, we must also decline to address Mrs. Mead's argument regarding the opinion of ophthalmologist Dr. Horace Gardner. Despite Mrs. Mead's suggestions to the contrary, the Board did not overlook Dr. Gardner's experience in conducting trauma research for the U.S. Army. Instead, while considering Dr. Gardner's opinion, the Board found it deserving of less weight than the opinions of neurologists in the record who had more specialized expertise in evaluating the medical inquiry at issue. To the extent that Mrs. Mead challenges the weight afforded Dr. Gardner's opinion, that argument, too, is outside of this court's limited jurisdiction.

Finally, Mrs. Mead argues that she was prejudiced by the Board's improper finding that her husband suffered from hypertension. But this argument was already addressed and rejected by the Veterans Court. That court explained that the Board relied most heavily on the opinions of medical examiners who made no reference to hypertension. Any challenge to the Veterans Court's finding that Mrs. Mead was not actually prejudiced in that regard is also outside of this court's limited review. *See generally Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute precludes appellate review of factual matters and the application of law to facts. This statute prevents us from reviewing [the

5                                              CAROL MEAD v. SHINSEKI

appellant's] contentions regarding actual prejudice.")
(citation omitted).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

(3)  The Secretary's motion for leave to respond is
granted.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25