NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHA LOGAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2308

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-1991, Judge Coral Wong Pietsch.

---

Decided: April 12, 2021

---

MARSHA LOGAN, Shreveport, LA, pro se.

JOHN MCADAMS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CLAUDIA BURKE, JENNIFER B. DICKEY, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, MOORE, and TARANTO, *Circuit Judges*.

PER CURIAM.

Marsha Logan appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court). *Logan v. Wilkie*, No. 19-1991, 2020 WL 1528112 (Vet. App. Mar. 31, 2020). In that decision, the Veterans Court affirmed a decision of the Board of Veterans' Appeals that rejected Ms. Logan's claim to accrued benefits under 38 U.S.C. § 5121(a), a claim Ms. Logan filed after the death of her aunt, whom Ms. Logan asserted had been the surviving spouse of a veteran. Ms. Logan appeals. Because she has not made a constitutional claim and has identified no error of law committed by the Veterans Court, we must dismiss the appeal for lack of jurisdiction.

I

The facts recounted in the Veterans Court's opinion are as follows. In 1934, Irene Crawford, who later became Ms. Logan's aunt, married Elbert Burt. Mr. Burt served on active duty in the armed forces from August 1942 to October 1945. During the war, Mr. Burt was divorced from Ms. Logan's aunt and married another woman, but that marriage ended in divorce in 1947.

In 1971, when Mr. Burt applied to the Veterans Administration (VA, now the Department of Veterans Affairs) for disability benefits, he listed Ms. Logan's aunt, as well as his second wife, as former spouses. In 1974, in a statement submitted to VA to verify his income for that year, Mr. Burt listed Ms. Logan's aunt as his wife. Between 1985 and 1990, in correspondence with VA, he stated that he was not married. Mr. Burt died in July 1991. His death certificate lists Ms. Logan's aunt as Mr. Burt's spouse at the time of his death.

In September 2004, Ms. Logan's aunt—through Ms. Logan acting on her behalf—filed an application for dependency and indemnity compensation, death pension, and

accrued benefits by a surviving spouse. The application was premised on the assertion that Ms. Logan's aunt was married to Mr. Burt from March 1934 until his death in 1991. In January 2005, the relevant VA regional office rejected the application, and required resubmission, because the application was not signed or inked by Ms. Logan's aunt herself. The regional office also referred to VA records in which Mr. Burt had reported his divorce from Ms. Logan's aunt during World War II and stated that a resubmitted application should be accompanied by evidence to support the assertion that Ms. Logan's aunt was in fact married to Mr. Burt at the time of his death in 1991. In March 2005, the regional office reiterated the requirements it had stated in January and said that it must deny the claim in the absence of the called-for evidence, but added that it could continue to process the claim if it received the evidence by January 12, 2006.

Ms. Logan's aunt died in April 2005. In July of that year, Ms. Logan told VA that she had been unable to find any evidence of a divorce between her aunt and Mr. Burt, and she therefore presumed that they were married until Mr. Burt's death. The next month, the regional office deemed the September 2004 claim for benefits withdrawn in light of the April 2005 death of Ms. Logan's aunt. In January 2006, the office explained to Ms. Logan that it could not act on the claim because her aunt (the claimant) had died, and Ms. Logan could not open a claim on her aunt's behalf. In August 2007, the office denied a renewed attempt by Ms. Logan to press her aunt's claim, observing that it had no evidence establishing the aunt's status as Mr. Burt's surviving spouse when he died in 1991.

In September 2007, Ms. Logan filed the claim that is now at issue. Specifically, she filed, on her own behalf, a claim for accrued benefits due a deceased beneficiary, asserting that she had borne the expense of her aunt's last sickness. *See* 38 U.S.C. § 5121; 38 C.F.R. § 3.1000. The VA regional office denied the claim. It did so, first, on the

ground that the claim was untimely because, contrary to 38 U.S.C. § 5121(c) and 38 C.F.R. § 3.1000(c), the claim was filed more than one year after the death of Ms. Logan's aunt. The regional office added that, in any event, it had not received evidence showing the marriage of Ms. Logan's aunt and Mr. Burt that would qualify her as his surviving spouse, a precondition to Ms. Logan's own claim.

When Ms. Logan appealed, the Board twice remanded her claim to the regional office for further review of evidence bearing on the issue of Mr. Burt's marital state at the time of his death. The regional office continued to deny Ms. Logan's claim for accrued benefits.

In March 2019, the Board affirmed the regional office's denial. S.A. 13. It determined that Ms. Logan's claim for accrued benefits was filed in September 2007, more than one year after her aunt's death. S.A. 13, 15. In addition, the Board determined that the preponderance of the evidence showed that Ms. Logan's aunt was not Mr. Burt's surviving spouse in 1991, because the evidence showed that Mr. Burt was married to someone else until 1947, when he was divorced, and no evidence showed a remarriage to Mr. Logan's aunt. S.A. 16.

In March 2020, the Veterans Court affirmed the Board. It agreed with the Board that Ms. Logan had not timely filed her claim. *Logan*, 2020 WL 1528112, at *2–3. The court also held that it could not find clear error (the applicable standard of review) in the Board's decision, finding that a preponderance of the evidence showed that Ms. Logan's aunt was not married to Mr. Burt when he died. *Id.* at *4–5. The court recited the evidence on which the Board relied and also explained that, although a Social Security Administration record refers to Ms. Longan's aunt as Mr. Burt's widow, VA and Social Security criteria for recognizing a surviving spouse differ. *Id.* at *5. The court concluded that Ms. Logan's "general disagreement with the Board's decision, without argument or evidence, is

insufficient to demonstrate that the Board's findings were clearly erroneous." *Id.*

The Veterans Court's decision became final on April 22, 2020. Ms. Logan timely appealed.

## II

Our jurisdiction in cases from the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Where, as here, no constitutional issue is presented, we have jurisdiction to consider only legal issues raised by a Veterans Court decision, not "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(1), (2).

Ms. Logan's appeal challenges the Veterans Court's affirmance of the Board's factual findings that her claim was untimely filed and that her aunt was not the surviving spouse of Mr. Burt for accrued-benefits purposes. *See* Logan Inf. Br. at 2–3. Ms. Logan, however, has not identified a legal error in the Veterans Court's decision; nor has she raised a constitutional issue. *See id.* Therefore, this appeal falls outside our jurisdiction.

Affirming the Board, the Veterans Court noted that Ms. Logan first filed her own application for accrued benefits in September 2007, more than one year after her aunt's death in April 2005. *Logan*, 2020 WL 1528112, at *3. The court agreed with the Board's finding that although Ms. Logan had filed an application for benefits in September 2004 on her aunt's behalf, that claim is not her own claim, filed in September 2007, which is the only live claim presented. *Id.* Ms. Logan's challenge that she first filed a claim for benefits in September 2004, *see* Logan Inf. Br. at 2, is at most an argument about the application of the law on identifying distinct claims as applied to the facts here; it raises no legal issue. The Veterans Court also upheld the Board's finding that there was no evidence showing Mr.

LOGAN v. MCDONOUGH

Burt and Ms. Logan's aunt were validly married after his second divorce in 1947. *See Logan*, 2020 WL 1528112, at *4. On appeal, Ms. Logan points to evidence that purportedly establishes her aunt's status as Mr. Burt's surviving spouse, *see* Logan Inf. Br. at 3, but this argument merely challenges the Board's finding of fact. Ms. Logan has not raised any issues that fall within our jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *see also Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute precludes appellate review of factual matters and the application of law to facts.").

## III

Because Ms. Logan has not raised any challenge within our jurisdiction, we dismiss this appeal.

### DISMISSED

### COSTS

The parties shall bear their own costs.