NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL G. BOYNTON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1830

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6265, Judge Joseph L. Toth.

---

Decided: June 16, 2025

---

THOMAS E.F. STRONG, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant. Also represented by JENNIFER TRACY SHANNON HEALY, HAROLD HAMILTON HOFFMAN, III, MEGAN EILEEN HOFFMAN, CLARE MALINOWSKI.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M.

MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before STOLL and STARK, *Circuit Judges*, and GOLDBERG, *Chief District Judge*.[1]

STOLL, *Circuit Judge*.

Veteran Michael Boynton seeks review of the U.S. Court of Appeals for Veterans Claims' (the "Veterans Court") affirmance of the Board of Veterans' Appeals' decision denying him a rating above 70% for his post-traumatic stress disorder ("PTSD") before January 12, 2018, and after June 25, 2020. Because we conclude Mr. Boynton's appeal constitutes a challenge to the factual matters decided below, we dismiss the appeal for lack of jurisdiction.

On appeal, Mr. Boynton argues that the Veterans Court "legally erred when it held that the [Department of Veterans Affairs (the "VA")] did not have to consider any evidence from a period not on appeal." Appellant's Br. 9 (emphasis removed). The VA rated Mr. Boynton's PTSD as 70% disabling from April 3, 2013, to January 12, 2018; 100% disabling between January 13, 2018, and June 24, 2020; and 70% disabling after June 25, 2020. Mr. Boynton sought 100% disability for the periods that the VA rated his PTSD as 70% disabling. He contends that the Veterans Court held the Board need not consider his April 2018 exam in assessing his PTSD rating because that exam pertained "to a period not at issue" on appeal. Appellant's Br. 10, 14. But the Veterans Court made no such holding.

———————————

[1] Honorable Mitchell S. Goldberg, Chief District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Rather, the Veterans Court read the Board's opinion as indicating that the Board considered the April 2018 exam. The Veterans Court explained that "the Board is presumed to have considered all the evidence in the record and is not required to discuss every piece of evidence found therein." *Boynton v. McDonough*, No. 21-6265, 2023 WL 355733, at *1 (Vet. App. Jan. 23, 2023) (citing *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007)). Moreover, the Veterans Court assessed whether the Board erred in weighing this evidence. The court emphasized "a total disability rating contemplates extreme symptoms like persistent hallucinations, spatial disorientation, and the inability to remember one's own name" and explained that, "[w]hile Mr. Boynton identifies a handful of evidence and symptoms that went unaddressed by the Board, he identifies nothing that relates to the 100% rating level. . . . And the Court can find no symptoms like those listed in the 100% rating anywhere in Mr. Boynton's file." *Id.* at *2 (citation omitted).

Mr. Boynton's assertion that the Veterans Court held that the Board need not consider the April 2018 medical report misconstrues the Veterans Court's analysis and does not present a legal issue for consideration on appeal. Rather, his appeal constitutes a challenge to factual matters decided below. We "have no jurisdiction to determine whether in a particular case the application of the established law to the facts at issue passed muster under the clearly erroneous standard." *Lennox v. Principi*, 353 F.3d 941, 946 (Fed. Cir. 2003). The Veterans Court considered the evidence Mr. Boynton identified and "discern[ed] no error in the Board's treatment of this evidence or its finding that a 70% rating for PTSD most nearly approximates the veteran's particular symptoms and level of impairment." *Boynton*, 2023 WL 355733, at *2. At its core, Mr. Boynton's challenge to the Veterans Court's finding asks us to reweigh evidence on appeal, which we lack jurisdiction to do.

We have considered Mr. Boynton's remaining arguments, but we do not find them persuasive. For the foregoing reasons, we dismiss this appeal.

**DISMISSED**

Costs

No costs.