NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS VAUGHNS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1441

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-816, Judge Scott Laurer.

---

Decided:  June 8, 2026

---

LOUIS VAUGHNS, SR., Gilmer, TX, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Louis Vaughns appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") that affirmed in part and remanded in part a decision of the Board of Veterans' Appeals ("Board"). Because we lack jurisdiction over the issues Mr. Vaughns raises on appeal to us, we dismiss.

## BACKGROUND

Mr. Vaughns served on active duty in the Army from December 1963 to December 1966 and again from February 1967 to December 1972. App'x 18.[1] This appeal concerns his claims for service connection for (1) peripheral nerve disability and (2) eye disability, both due to his alleged exposure to herbicides while stationed in Korea. App'x 21. Mr. Vaughns currently has service connection for chloracne due to herbicide exposure.[2]

In rating decisions dated May 2013 and January 2015, a regional office ("RO") of the Department of Veterans Affairs ("VA") denied service connection for Mr. Vaughns's two medical conditions. S. App'x 1–20.[3] These claims were appealed and remanded numerous times. Eventually, in

---

[1] "App'x" refers to the appendix filed by Mr. Vaughns.

[2] The Veterans Court and Board both noted that Mr. Vaughns's original grant of service connection for chloracne was based on herbicide exposure in Vietnam, even though the record indicates Mr. Vaughns never served in Vietnam. App'x 10. The Board found this "clearly erroneous." *Id.* Regardless, Mr. Vaughns's existing service connection for chloracne is not at issue on appeal.

[3] "S. App'x" refers to the supplemental appendix filed by the government.

February 2024, the RO denied service connection for Mr. Vaughns's two medical conditions, S. App'x 16–20, which Mr. Vaughns appealed to the Board.

On January 23, 2025, the Board issued a decision denying Mr. Vaughns's eye disability claim and remanding his peripheral-nerve disability claim. App'x 17–37. As to the eye disability claim, the Board found that the weight of the evidence was "against a finding that [he] was exposed to herbicide agents during service in Korea." App'x 23. However, as to the peripheral-nerve disability claim, the Board was concerned about the "incomplete information available," App'x 34, and remanded with instructions to conduct a new VA examination "to determine the nature and etiology of any peripheral nerve disability present," App'x 35. Mr. Vaughns appealed that decision to the Veterans Court.

On November 7, 2025, the Veterans Court issued a decision affirming the Board's denial of the eye disability claim and remanding the peripheral-nerve disability claim back to the Board. App'x 7–13. The Veterans Court determined that the Board had erred in its analysis of herbicide exposure insofar as it "outsourced its factfinding responsibilities to the RO." App'x 11. In spite of that, the Veterans Court determined, as to the eye disability claim, that any error regarding herbicide exposure was harmless because "the medical opinions on record already accounted for the possibility of herbicide exposure and still weighed against the claim." *Id.* As to the peripheral-nerve disability claim, however, the Veterans Court determined that the Board's error could impact the claim, so it remanded the matter for the Board "to correct its error and readjudicate the peripheral nerve disability [claim] accordingly." App'x 13.

Mr. Vaughns moved for panel review, which the Veterans Court granted. The Veterans Court adopted the single-judge decision as its decision. App'x 5–6. This appeal followed.

DISCUSSION

We have limited jurisdiction to review appeals from the Veterans Court. We can review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue," we may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Before us, Mr. Vaughns makes numerous arguments, but he fails to identify a genuine legal issue within our jurisdiction. We address his arguments in turn.

I

As to the peripheral-nerve disability claim, which the Veterans Court remanded to the Board, Mr. Vaughns argues that the Veterans Court erred in interpreting the term "near" in 38 C.F.R. § 3.307(a)(6)(iv) as it relates to his proximity to the Korean Demilitarized Zone ("DMZ"), where he was allegedly exposed to herbicides. Mr. Vaughns also argues that the Veterans Court misapplied the statute setting forth the VA's duty to assist claimants in obtaining evidence, 38 U.S.C. § 5103A, as it extends to herbicide-use records.

We generally lack jurisdiction to consider appeals from non-final orders. *See Ravin v. McDonough*, 107 F.4th 1357, 1360–61 (Fed. Cir. 2024). Mr. Vaughns has not demonstrated that the conditions for deviating from that rule are satisfied. *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002). The Veterans Court here directed the Board to conduct further factual development regarding Mr. Vaughns's proximity to the DMZ during his service. And Mr. Vaughns's argument that VA should pursue some additional "classified" herbicide-use records is a dispute over the adequacy of developing the factual record.

Appellant's Br. 9.  Neither issue raises a legal question within our jurisdiction.

## II

Mr. Vaughns makes three additional arguments, mainly concerning his eye disability claim.

First, Mr. Vaughns argues that the Board reversed a binding favorable finding without applying the clear and unmistakable error ("CUE") framework required by 38 U.S.C. § 5104A and 38 C.F.R. § 3.104(c).  We disagree.  Rather than reversing any favorable finding concerning the issues that were under review, the Board assessed herbicide exposure anew solely as part of its consideration of his eye disability and peripheral-nerve disability claims.  App'x 17–37.  Mr. Vaughns's chloracne service connection was never under review, and was not revised or severed.  Furthermore, the Veterans Court resolved the issues before it on other grounds, holding that any error in the Board's herbicide exposure analysis was harmless as to his eye disability claim.  Thus, the Veterans Court's decision did not implicate the CUE framework, and this appeal presents no legal issues to resolve on those grounds.

Second, Mr. Vaughns argues that the Veterans Court erred in its harmless-error analysis by misapplying legal precedent.  However, Mr. Vaughns's complaints do not reflect the application of an incorrect legal standard as much as a disagreement with the Veterans Court's reliance on certain evidence, which is a fact issue.  *See* Memorandum In Lieu of Oral Argument at 4 (May 20, 2026), ECF No. 37.  The Veterans Court's harmless-error determination is inherently fact-dependent and is not subject to this court's review.  *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007); *Conway v. Principi*, 535 F.3d 1369, 1375 (Fed. Cir. 2004) ("[W]e would surpass our jurisdiction if we were to apply the harmless error rule . . . to the facts of this case.").

Third, Mr. Vaughns generally challenges factual findings or the application of law to fact, which we cannot review.  Specifically, Mr. Vaughns challenges the adequacy of medical opinions relied on by the Board in denying his eye disability claim, and whether the Board provided an adequate statement of reasons or bases for its decisions. These are matters involving factual determinations or the application of law to the facts of this case, and therefore fall outside this court's jurisdiction.  38 U.S.C. § 7292(d)(2).

## CONCLUSION

Mr. Vaughns's appeal is dismissed for lack of jurisdiction.

**DISMISSED**

### COSTS

No costs.