NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRUCE A. MILLER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7085

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1291, Judge William A. Moorman.

---

Decided:  May 9, 2014

---

PETER J. CORCORAN, III, Antonelli, Harrington & Thompson LLP, argued for claimant-appellant.  With him on the brief was ERIC S. SCHLICHTER, Winston & Strawn LLP, of Houston, Texas.

JAMES R. SWEET, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  On the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director,

MARTIN F. HOCKEY, Assistant Director, and NICHOLAS
JABBOUR, Trial Attorney. Of counsel on the brief were
DAVID J. BARRANS, Deputy Assistant General Counsel,
and AMANDA R. BLACKMON, Staff Attorney, United States
Department of Veterans Affairs, of Washington, DC.

———————————

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Bruce A. Miller appeals a final decision of the United
States Court of Appeals for Veterans Claims ("Veterans
Court") affirming a decision by the Board of Veterans'
Appeals ("board") denying referral for an extra-schedular
rating for otitis media. *See Miller v. Shinseki*, No. 11-
1291, 2012 WL 3711922 (Vet. App. Aug. 29, 2012) ("*Veter-
ans Court Decision*"). We dismiss for lack of jurisdiction.

The scope of our review of decisions from the Veterans
Court is limited by statute. *See* 38 U.S.C. § 7292. We
have jurisdiction to review such decisions with respect to
a "challenge to the validity of any statute or regulation or
any interpretation thereof." *Id.* § 7292(c). We are pre-
cluded, however, from reviewing factual determinations
or the application of law to fact "[e]xcept to the extent
that an appeal . . . presents a constitutional issue." *Id.*
§ 7292(d)(2); *see Conway v. Principi*, 353 F.3d 1369, 1372
(Fed. Cir. 2004).

On appeal, Miller argues that he is entitled to referral
for an extra-schedular rating for chronic otitis media for
the period from May 28, 1999 to April 18, 2001. He
contends that the board misinterpreted this court's deci-
sion in *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed.
Cir. 2001), when it determined that referral for an extra-
schedular rating was unwarranted. In Miller's view,
*Roberson* required the board to consider his entitlement to
an extra-schedular rating under 38 C.F.R. § 3.321(b)(1),
even though he did not specifically request such a rating.

The board, however, did in fact consider whether Miller was entitled to referral for an extra-schedular rating for chronic otitis media. A. 25. It noted that "[i]n exceptional cases, where schedular evaluations are found to be inadequate, the [Regional Office] or Board may refer a claim" for consideration, pursuant to section 3.321(b)(1), for evaluation for an extra-schedular rating. A. 24. The board determined, however, that Miller's "symptomatology and limitation of functioning [were] reasonably contemplated by the rating schedule" and that there was "no evidence that his otitis media ha[d] independently caused marked interference with his employment . . . beyond that contemplated by his assigned 10 percent schedular rating." A. 25. The board's conclusion that the rating schedule adequately addressed Miller's disability and that his chronic otitis media did not cause marked interference with his ability to maintain employment is a factual determination which we lack jurisdiction to review. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) (emphasizing that this court lacks authority to review the board's "evaluation and weighing of evidence"); *see also Madden v. Gober*, 125 F.3d 1477, 1481 (Fed. Cir. 1997) (explaining that the board has "authority to discount the weight and probity of evidence in the light of its own inherent characteristics and its relationship to other items of evidence").

Miller also asserts that the board failed to comply with 38 U.S.C. § 7104(d)(1) by "ignor[ing]" evidence supporting his claim of unemployability in the period between May 28, 1999 and April 18, 2001. Simply because the board did not discuss every piece of evidence in the record, however, does not establish that it did not consider such evidence in determining that Miller's chronic otitis media—which was the only condition for which he had been granted service connection prior to April 2001— did not cause a marked interference with employment. *See Gonzales v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000)

("[A]bsent specific evidence indicating otherwise, all evidence contained in the record at the time of the [Regional Office's] determination of the service connection must be presumed to have been reviewed by the Department of Veterans Affairs, and no further proof of such review is needed."). While the board's decision does not specifically discuss all of the evidence presented by Miller, "[t]here is a presumption that [the Department of Veterans Affairs] considered all of the evidence of record," and the mere failure by the board to discuss a particular piece of evidence is insufficient to rebut that presumption. *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007).

Miller further contends that the Veterans Court misinterpreted section 3.321(b)(1) when it failed to recognize that "marked interference with employment" and "frequent periods of hospitalization" are two separate factors that can independently support referral for an extra-schedular rating. Examination of the Veterans Court's decision, however, makes clear that the court did not interpret, or otherwise elaborate upon the meaning of, section 3.321(b)(1). Nothing in the court's opinion suggests that "marked interference with employment" and "frequent periods of hospitalization" are not separate factors that can independently support referral for an extra-schedular rating. To the contrary, the Veterans Court specifically stated that "[i]f the [Regional Office] or Board determines first that the schedular evaluation does not contemplate the claimant's level of disability and symptomatology, and next that the disability picture exhibits other related factors such as marked interference with employment *or* frequent periods of hospitalization, then the case must be referred to an authorized official to determine whether, to accord justice, an extra-schedular rating is warranted." *Veterans Court Decision*, 2012 WL 3711922, at *2 (emphasis added).

Miller's appeal—although framed as a challenge to legal determinations made by the board and the Veterans Court—in reality presents only challenges to factual determinations and the application of settled law to the facts of his case.  Accordingly, we dismiss for lack of jurisdiction.

**DISMISSED**