Citation Nr: 1513879 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 07-08 296 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to September 16, 2011. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

H. Yoo, Counsel



INTRODUCTION

The Veteran served on active duty from October 2000 to December 2003.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California, wherein the RO adjudicated the issue of entitlement to service connection for posttraumatic stress disorder (PTSD). 

In a December 2012 decision, the Board found that a claim for entitlement to a TDIU was raised pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009). In Rice, the United States Court of Appeals for Veterans Claims (Court) held that a claim for a TDIU due to service-connected disability, either expressly raised by the Veteran or reasonably raised by the record, involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. The issue was remanded to provide a notification letter and to adjudicate the issue. Proper development has been completed and this matter is returned to the Board for further consideration. See Stegall v. West, 11 Vet. App. 268 (1998). In addition, as this issue was raised part and parcel to the claim for an increased disability rating for PTSD, the issue of entitlement to a TDIU does not need to be separately appealed.

The Board additionally notes that the Veteran's electronic Virtual VA file has been reviewed in conjunction with the adjudication of the claim currently on appeal.


FINDINGS OF FACT

1. The evidence of record indicates the Veteran was employed as a counselor until September 15, 2011.

2. Prior to September 16, 2011, the Veteran was not rendered unable to obtain or maintain substantially gainful employment as a result of his service-connected disabilities.


CONCLUSION OF LAW

Prior to September 16, 2011, the criteria for TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19, 4.25 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. The Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the appellant's claim decided herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2014).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the Court held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide.

The notice requirements described above apply to all five elements of a service connection claim: (1) veteran status; (2) existence of disability; (3) connection between service and the disability; (4) degree of disability; and (5) effective date of benefits where a claim is granted. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

In the December 2012 remand, the Board requested that the Veteran be provided with notice regarding the TDIU claim and that the Veteran and his representative be provided with a supplement statement of the case (SSOC) if the benefit sought was not granted. As the Veteran and his representative were provided with a standard VCAA notice letter in August 2013, which satisfied the duty to notify provisions, and an October 2013 SSOC, the Board finds that the agency of original jurisdiction substantially complied with the remand orders, and no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (Fed. Cir. 2002).

With respect to the Dingess requirements, although the Veteran was not provided with notice of the effective date and disability rating regulations, because the claim on appeal is denied herein, any question as to the appropriate disability rating or effective date is moot, and there can be no failure to notify prejudice to the Veteran. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

All the law requires is that the duty to notify is satisfied and that claimants are given the opportunity to submit information and evidence in support of their claims. Once this has been accomplished, all due process concerns have been satisfied. See Bernard v. Brown, 4 Vet. App. 384 (1993); Sutton v. Brown, 9 Vet. App. 553 (1996); see also 38 C.F.R. § 20.1102 (2014) (harmless error). In view of the foregoing, the Board finds that the Veteran was notified and aware of the evidence needed to substantiate his claim, as well as the avenues through which he might obtain such evidence, and of the allocation of responsibilities between himself and VA in obtaining such evidence. Accordingly, there is no further duty to notify. 

The Board also concludes the VA's duty to assist has been satisfied. The Veteran's service treatment records and VA medical records are in the file. The record indicates VA has successfully attempted to obtain, to the extent possible, all outstanding medical records identified by the Veteran. The Veteran has at no time referenced additional outstanding records that he wanted VA to obtain or that he felt were relevant to the claim.

Although there is no VA examination with an opinion on file regarding the Veteran's functional impairment caused solely by service-connected disabilities, none is required in this case. Such development is to be considered necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim. Because there is evidence of record that the Veteran was employable prior to September 16, 2011, as will be discussed below, a VA examination with an opinion was not necessary. The Board does not know of any additional relevant evidence which has not been obtained.

As stated above, the Board finds there has been substantial compliance with its December 2012 remand directives. The Board notes that the Court has indicated that "only substantial compliance with the terms of the Board's engagement letter would be required, not strict compliance." See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall (Stegall v. West, 11 Vet. App. 268 (1998)) violation when the examiner made the ultimate determination required by the Board's remand.) Based on the foregoing, the Board finds that the AOJ substantially complied with the mandates of its remands. See Stegall, supra, (finding that a remand by the Board confers on the appellant the right to compliance with its remand orders). Therefore, in light of the foregoing, the Board will proceed to review and decide the claim based on the evidence that is of record consistent with 38 C.F.R. § 3.655 (2014).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Newhouse v. Nicholson, 497 F.3d 1298 (Fed. Cir. 2007). Importantly, the Board notes that the Veteran is represented in this appeal. See Overton v. Nicholson, 20 Vet. App. 427, 438 (2006). The Veteran has submitted argument and evidence in support of the appeal. Based on the foregoing, the Board finds that the Veteran has had a meaningful opportunity to participate in the adjudication of his claim such that the essential fairness of the adjudication is not affected.

II. 
The Merits of the Claim

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2).

A TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

Individual unemployability must be determined without regard to any non-service-connected disabilities or a veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether a veteran can find employment. Id. at 361. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in a veteran's favor. 38 C.F.R. § 4.3. 

In Faust v. West, 13 Vet. App. 342 (2000), the Court defined "substantially gainful employment" as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran's earned annual income. In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether a veteran's service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability rating is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-32 (1991). 

In evaluating a veteran's employability, consideration may be given to his level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

Marginal employment is not considered substantially gainful employment and generally is deemed to exist when a veteran's earned income does not exceed the amount established by the United States Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist in certain cases when earned annual income exceeds the poverty threshold on a facts-found basis. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a). Marginal employment, odd-job employment, and employment at half the usual remuneration is not incompatible with a determination of unemployability if the restriction to securing or retaining better employment is due to disability. 38 C.F.R. § 4.17(a).

The Board has thoroughly reviewed all the evidence in the Veteran's claims file and on Virtual VA. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on her behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence, which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the appellant. Equal weight is not always accorded to each piece of evidence contained in the record; not every item of evidence has the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In this case, the Veteran contends that he is unable to secure or maintain substantially gainful employment due to his service-connected disabilities. The Board notes that the period for consideration for TDIU would be limited to the period prior to the grant of the 100 percent schedular rating for PTSD (i.e., prior to September 16, 2011). (A January 2012 rating decision increased the evaluation assigned to PTSD to 100 percent, effective September 16, 2011.) See Green v West, 11 Vet. App. 472, 276 (1998) (holding that, if a 100 percent schedular rating is granted, a veteran is not also entitled to TDIU for the same period).

Prior to September 16, 2011, the Veteran was service connected for two disabilities: PTSD, rated as 50 percent disabling; and status post puncture injury to first web space of the left hand, with a scar, rated as noncompensably disabling. The combined disability rating was 50 percent. 

The Veteran does not meet the regulatory schedular rating requirements of 38 C.F.R. § 4.16(a) for consideration for TDIU because, while he has two service-connected disabilities, where at least one disability is rated at 40 percent or more, the combined disability rating is not at least 70 percent. 

A TDIU may also be assigned pursuant to the procedures set forth in 38 C.F.R. § 4.16(b) for veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). Rating boards are required to submit to the Director, Compensation and Pension Service, for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in 
38 C.F.R. § 4.16(a). The Court has clarified that, where a claimant does not meet the scheduler requirements of 4.16(a), the Board has no authority to assign a TDIU rating under 4.16(b) and may only refer the claim to the Compensation and Pension Director for extraschedular consideration. Bowling v. Principi, 15 Vet. App. 1 (2001). 

The Board noted in December 2012 that the record contained some evidence suggesting the Veteran may be unemployable, or may have been unemployable for a period prior to September 16, 2011, at least in part due to PTSD. At the April 2009 VA examination, the Veteran reported he was currently employed as a drug and alcohol counselor, and that he had not lost any time from work due to his PTSD symptoms. At the September 2011 VA examination, he stated that he had been terminated from that position because he lost his temper and acted inappropriately. At the September 2011 VA examination, the Veteran also reported that he was currently employed as a maintenance worker.

According to a September 2010 letter from the Veteran's employer at Optimum Performance Institute, the Veteran's work abilities were affected by his PTSD as he had difficulty staying focused and his work ethics were becoming stagnant. The Veteran required frequent breaks due to his increased paranoia and anxiety. He also had difficulty remembering tasks to complete and missed several days of work. 

In September 2013, the Veteran submitted an application for increased compensation based on unemployability wherein he stated he was employed as a counselor from June 1, 2007, to September 15, 2011. The Veteran further indicated that on September 16, 2011, he became too disabled to work. 

The Board finds that after a careful review of the Veteran's claims file, the weight of lay and medical evidence shows that the Veteran's service-connected disabilities have not rendered him unable to obtain or maintain substantially gainful employment, prior to September 16, 2011. As noted above, it was determined that prior to September 16, 2011, the Veteran did not meet the schedular requirement and that the Veteran was employed.

Although the Board has considered the Veteran's assertions in this appeal, there is no medical evidence indicating that his service-connected disabilities render him unable to obtain or retain substantially gainful employment; therefore, the Board must conclude that the criteria for invoking the procedures of 38 C.F.R. 4.16 (b), for assignment of a TDIU on an extra-schedular basis, are not met.

For these reasons, the Board finds that the weight of the credible evidence demonstrates that the criteria for TDIU have not been met for the period prior to September 16, 2011. As the preponderance of the evidence is against this claim, the benefit of the doubt rule is not for application, and the Board must deny the claim. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to a TDIU prior to September 16, 2011, is denied.



____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs