Citation Nr: 1532763 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-30 576 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for coronary artery disease (CAD), including as secondary to a service-connected disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant (the Veteran) and his spouse


ATTORNEY FOR THE BOARD

H. Yoo, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from January 1951 to May 1954. 

This case comes to the Board of Veterans' Appeals (Board) on appeal of a September 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania, that denied service connection for CAD, including as secondary to a service-connected disability. 

In September 2014, a travel board hearing was held before the undersigned at the RO. A transcript of the hearing is associated with the Veteran's claims file.

This matter was previously remanded by the Board for further development in December 2014 and April 2015. The requested development has been completed and this matter is returned to the Board for further consideration. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The Veteran's CAD is not of service onset or otherwise related to the Veteran's military service, to include as secondary to a service-connected disability.


CONCLUSION OF LAW

The criteria for service connection for CAD, including as secondary to a service-connected disability, are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 5103, 5103(A) (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. The Veterans Claims Assistance Act of 2000

With respect to the Veteran's claim decided herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2014).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.56(a), 3.159 and 3.326(a) (2014). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide.

The notice requirements described above apply to all five elements of a service connection claim: (1) veteran status; (2) existence of disability; (3) connection between service and the disability; (4) degree of disability; and (5) effective date of benefits where a claim is granted. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

In February 2013, the RO provided the notice required by 38 U.S.C.A. § 5103(a) (West 2014) and 38 C.F.R. § 3.159(b) (2014). Specifically, the RO notified the Veteran of information and evidence necessary to substantiate the claim for service connection; information and evidence that VA would seek to provide; and information and evidence that the Veteran was expected to provide. 

With respect to the Dingess requirements, although the Veteran was not provided with notice of the effective date and disability rating regulations, because the claim on appeal is denied herein, any question as to the appropriate disability rating or effective date is moot, and there can be no failure to notify prejudice to the Veteran. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

All the law requires is that the duty to notify is satisfied and that claimants are given the opportunity to submit information and evidence in support of their claims. Once this has been accomplished, all due process concerns have been satisfied. See Bernard v. Brown, 4 Vet. App. 384 (1993); Sutton v. Brown, 9 Vet. App. 553 (1996); see also 38 C.F.R. § 20.1102 (2014) (harmless error). In view of the foregoing, the Board finds that the Veteran was notified and aware of the evidence needed to substantiate his claim decided herein, as well as the avenues through which he might obtain such evidence, and of the allocation of responsibilities between himself and VA in obtaining such evidence. Accordingly, there is no further duty to notify.

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent post-treatment records, and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The VA incorporated the Veteran's in-service treatment records into his claims file. In addition, post-service treatment records have been incorporated in to the claims file. The RO also attempted to obtain any available Social Security Administration (SSA) records. The SSA Records Center notified the RO in June 2010 that there were no medical records on file or was unable to locate them.

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on a claim, as defined by law. The record indicates that in August 2013 and June 2015 a VA examiner reviewed the evidence of record for an opinion. The June 2015 report involved a thorough review of the claims file and the opinion of the examiner was supported by a sufficient rationale. Therefore, the Board finds that the June 2015 report is adequate for rating purposes. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim). Given the foregoing, the Board finds that VA has substantially complied with the duty to obtain the requisite medical information necessary to make a decision on the Veteran's claim decided herein.

Additionally, the Board finds there has been substantial compliance with its December 2014 remand directives. The Court has noted that "only substantial compliance with the terms of the Board's engagement letter would be required, not strict compliance." See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall (Stegall v. West, 11 Vet. App. 268 (1998)) violation when the examiner made the ultimate determination required by the Board's remand.) Based on the foregoing, the Board finds that the VA Appeals Management Center substantially complied with the mandates of its remand. See Stegall, supra, (finding that a remand by the Board confers on the appellant the right to compliance with its remand orders).

Finally, the Veteran provided relevant testimony during the hearing before a Veterans Law Judge in September 2014. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c) (2) requires that the hearing officer who chairs a hearing fulfill two duties: (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Here, the Veterans Law Judge identified the issue on appeal and solicited the Veteran to identify evidence relevant to the claim, and asked questions that ensured no evidence was overlooked. The Veteran was offered an opportunity to ask the undersigned questions regarding his claim. The Board, therefore, concludes that it has fulfilled its duty under Bryant.

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Newhouse v. Nicholson, 497 F.3d 1298 (Fed. Cir. 2007). Importantly, the Board notes that the Veteran is represented in this appeal. See Overton v. Nicholson, 20 Vet. App. 427, 438 (2006). The Veteran has submitted arguments and evidence in support of the appeal. Based on the foregoing, the Board finds that the Veteran has had a meaningful opportunity to participate in the adjudication of his claim such that the essential fairness of the adjudication is not affected.

II. The Merits of the Claim

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical or, in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303; see also Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

Service connection may also be granted for chronic disabilities, to include cardiovascular-renal disease, if such are shown to have been manifested to a compensable degree within one year after the veteran was separated from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. As an alternative to the nexus requirement, service connection for these chronic disabilities may be established through a showing of continuity of symptomatology since service. 38 C.F.R. § 3.303(b) (2014). The option of establishing service connection through a demonstration of continuity of symptomatology rather than through a finding of nexus is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

In addition to the requirements of service connection as detailed above, regulations also provide that service connection is warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310. Further, any additional impairment of earning capacity resulting from an already service-connected condition, regardless of whether or not the additional impairment is itself a separate disease or injury caused by the service-connected condition, should also be compensated. Allen v. Brown, 7 Vet. App. 439 (1995).

When determining service connection, all theories of entitlement, direct and secondary, must be considered. Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004). As such the Board will address the Veteran's claim for service connection for CAD on both direct (to include presumptive) and secondary bases.

The United States Court of Appeals for the Federal Circuit has rejected the view that competent medical evidence is required when the determinative issue in a claim for benefits involves either medical etiology or a medical diagnosis. Under 38 U.S.C.A. § 1154(a), lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d. 1313 (Fed. Cir. 2009); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006).

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence, which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the appellant. Equal weight is not always accorded to each piece of evidence contained in the record; not every item of evidence has the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The Veteran argues that his CAD is secondary to service-connected respiratory disability, residuals of asbestos exposure.

The in-service treatment records are absent of complaint, treatment, or diagnosis of any heart condition.

It is clear from the record that the Veteran has a history of coronary artery disease with myocardial infarction. There is no evidence within his VA treatment records of an etiological opinion linking the Veteran's heart condition to his military service or his service-connected disability.

According to a July 2010 letter, Dr. W.D.S., a private physician, stated that the Veteran has a history of hypertrophic cardiomyopathy with a history of mild chronic lung disease and has had atrial fibrillation in the past. Dr. W.D.S. stated:

It was conceivable that the asbestosis contributed to his lung disease which has increased his shortness of breath and made him more likely to have atrial fibrillation which he has had in the past which has necessitated the use of anticoagulants and may have contributed towards the hemoptysis he has developed and some of the shortness of breath due to uncontrolled ventricular response rate to atrial fibrillation.

In August 2013, upon a review of the evidence of record, a VA examiner opined it was less likely than not the Veteran's CAD was proximately due to or the result of the Veteran's asbestosis. The examiner stated research of the medical literature does not show a direct causative "effective;" there was no evidence that asbestosis causes CAD or aortic stenosis. Furthermore, the Veteran's heart disease is not caused by or secondary to his asbestosis. However, the examiner did not specifically comment on the opinion supplied in Dr. W.D.S.'s July 2010 statement. Further, the examiner did not provide a rationale regarding the negative opinion concerning the likelihood that the Veteran's service-connected asbestos exposure aggravated his CAD. As such, an additional examination was warranted in this case.

Therefore, in June 2015, a VA examiner opined that after reviewed the conflicting medical evidence: 

It is less likely as not that the Veteran's CAD is aggravated by his service connected asbestosis. After performing a medical literature search, I was not able to find medical evidence/literature that supports the notion that asbestosis aggravates CAD.

The VA examiner further stated: 

With regard to the opinion rendered by the private physician in July 2010, he does not refer to CAD. Instead, that statement mentions asbestosis conceivably resulting in atrial fibrillation. He states: "It is conceivable that the asbestosis contributed to his lung disease which has increased his shortness of breath and made him more likely to have atrial fibrillation." This does not support the notion that asbestosis aggravates CAD.

After consideration of the entire record and the relevant law, the Board finds that the Veteran's claim for entitlement to service connection for CAD including as secondary to a service-connected disability, must be denied.

Based upon the evidence of record, the Board finds direct service connection is not warranted as CAD was not manifest during active service or within one year of service discharge and a heart condition is not shown to have developed as a result of an established event, injury, or disease during active service. There is also no opinion of record that there is an etiological link between his CAD and his military service.

In addition, the Veteran does not claim his CAD was incurred during service; instead he maintains that it is etiologically related to his service-connected asbestos exposure. While the Board acknowledges the current diagnosis of CAD, and the Veteran's claim that it is secondary to his service-connected asbestos exposure, the preponderance of the evidence is found to be against such an etiology. The August 2013 and June 2015 VA examiners concluded that the Veteran's CAD was less likely as not caused or aggravated by his asbestosis. Specifically, the June 2015 examiner concluded that the July 2010 statement from Dr. W.D.S. does not support the notion that asbestosis aggravates CAD. Rather, the statement mentions asbestosis conceivably resulting in atrial fibrillation. The Board finds this opinion to be determinative of the secondary service connection issue, to include secondary aggravation. The private medical opinion was not offered with any degree of medical certainty, merely stated as a possibility. 

The only evidence of record in support of the Veteran's claim consists of his own lay statements. The Board acknowledges the Veteran's contention that he believes his CAD is related to his service-connected residuals of asbestos exposure. His assertions that he experiences symptoms are credible. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2013), as to the specific issue in this case, given the complexity of the particular questions of diagnosis and etiology and the fact that a nexus opinion may not be rendered based on personal observation, the Board finds that the Veteran is not competent to opine on the presence or etiology of his CAD. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (providing that lay persons not competent to diagnose cancer).

Unfortunately, the evidence of record does not establish that this condition is the result of a disease or injury in active duty service, or secondary to his service-connected disability. In conclusion, for the reasons and bases expressed above, the Board finds that the preponderance of the evidence is against the Veteran's claim. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The benefit sought on appeal is accordingly denied.


ORDER

Entitlement to service connection for CAD, including as secondary to a service-connected disability, is denied.



____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs